IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY G. LAMB,

    Plaintiff,

v.                              Civil Action No. PX 16-02705

PAUL GROSKLAGS et al.,

    Defendants.

******

**MEMORANDUM OPINION and ORDER**

This complaint was originally filed on July 27, 2016. Plaintiff has twice been granted an extension of time to serve process on defendants and summons has been reissued. ECF Nos. 5 & 9. On both occasions, Plaintiff was informed that he needed to serve Defendants within a fixed period of time. For example on February 13, 2017, Plaintiff was granted a final extension and apprised that he must serve Defendants within 60 days. ECF No. 9. That time also passed and so, on April 26, 2017, the Court issued an Order directing Plaintiff to show cause why the case should not be dismissed for failure to timely serve Defendants. *See* ECF No. 11. Plaintiff finally served Defendants on April 10, 2017 making their response due on or before June 9, 2017.

On June 7, 2017, two days before Defendants' deadline for responding the complaint, Defendants filed a motion for extension of time to file a response to the Amended Complaint to an including August 8, 2017. ECF No. 13. Defendants explained that their counsel's "competing demands of other cases . . . will make it difficult to meet the present June 9, 2017 deadline." *Id.* Plaintiff opposed Defendants' motion for extension of time, arguing that Defendants had not demonstrated good cause warranting the extension. ECF No. 14 at 4. In his response, Plaintiff

1

also moves for default judgment. *Id.* at 5. On August 4, 2017, Defendants filed an additional extension of time, requesting that they be permitted to file a response to and including August 25, 2017. ECF No. 21.

Requests for extensions of time are governed by Federal Rule of Civil Procedure 6. The Rule provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

Defendants filed their first motion for extension of time within the original time to respond to the Amended Complaint. The Court finds that good cause exists to grant the extension. In his opposition, Plaintiff does not argue that granting the extension would prejudice him and the Court notes that Plaintiff received several extensions of his own. Additionally, the Court's resolution of this case would benefit from an answer from the Defendants. Accordingly, the Court grants Defendants' first motion for extension of time at ECF No. 13. Because of the Court's delay in resolving this motion, the Court will permit Defendants to file a response to the Amended Complaint within fourteen (14) days of the issuance of this Memorandum Opinion and Order. Defendants' second motion for extension of time is denied, however, because they have not demonstrated that their failure to act was a result of excusable neglect as Fed. R. Civ. P. 6(b)(1)(B) requires.

In his response to Defendants' first motion for extension of time, Plaintiff moves for default judgment. *See* ECF No. 14 at 5. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed

to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55 establishes a two-step process for obtaining a default judgment: the clerk's entry of default followed by the entry of default judgment. *See Wilson v. Turner*, No. ELH-13-3497, 2014 WL 4426126, at *1 (D. Md. Sept. 2, 2014); 10A C. Wright & A. Miller, Federal Practice & Procedure § 2682 (4th ed.) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Entry of default is thus "merely 'an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).'" *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D. Me. 1984) (quoting 10 C. Wright, A. Miller & Kane, Federal Practice and Procedure § 2692 at 465 (2d ed. 1983)). Plaintiff failed to request a clerk's entry of default. Accordingly, his motion is denied.

For the reasons stated above, it is this 8th day of August, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion for Extension of Time filed by Defendants (ECF No. 13) BE, and the same hereby IS, GRANTED;

2. Defendants will have FOURTEEN (14) DAYS from the issuance of this ORDER to file a response to the Amended Complaint;

3. The Motion for Default Judgment filed by Plaintiff (ECF No. 14) BE, and the same hereby IS, DENIED;

4. The Second Motion for Extension of Time filed by Defendants (ECF No. 21) BE, and the same hereby IS, DENIED;

5. The Clerk will transmit copies of this Memorandum Opinion and Order to Plaintiff and counsel for Defendants.

/S/
PAULA XINIS
United States District Judge