IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY GORALSKI LAMB,

    Plaintiff,

v.

RICHARD V. SPENCER,
SECRETARY OF NAVY

    Defendant.

Civil Action No. PX-16-2705

\*\*\*\*\*\*

# MEMORANDUM OPINION

Pending before the Court is Defendant Richard Spencer, Secretary of the Navy's motion to dismiss the Second Amended Complaint or, in the alternative, for summary judgment. ECF No. 47. Plaintiff Jerry Lamb ("Lamb") opposes the motion. ECF No. 63. The Court now rules because no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' briefing and the evidence in the record, the Court grants Defendant's motion.

## I.     Factual Background

Lamb was employed by the Navy and Naval Air Systems Command (collectively, "the Agency") as a Contracts Specialist from 2009 until his termination on August 17, 2015. ECF No. 41 ¶¶17, 52. Lamb seeks this Court's review of the Merit Systems Protection Board's ("MSPB") affirmance of the Agency's decision to terminate his employment. From the outset of his employment with the Agency, Lamb suffered from back and knee problems, and has struggled with anxiety and depression. *Id.* ¶¶18,19. In addition, Lamb's desk was placed in an area inaccessible by elevator and directly under a vent, causing him severe allergies. *Id.* ¶¶20, 24. Lamb's back and knee pain was exacerbated by having to climb the stairs to his desk each day, and by a desk chair that did not provide proper support. *Id.* ¶¶21-23.

On January 29, 2015, Lamb met with his then-supervisor and prepared a request for reasonable accommodation, listing among suggested options a lateral transfer within or outside the Agency. AR01520-22.[1] Lamb did not request leave as an accommodation. *Id.* The parties disagree as to what happened next. Lamb maintains that he notified his supervisor later in February that he would need leave for treatment related to his back problems, as well as his anxiety and depression. *Id.* ¶30. Lamb submits that his supervisor assented, and Lamb provided medical documentation for his leave and accommodation request on February 23, 2015. *Id.* ¶¶30, 31. The Agency asserts that Lamb never provided his supervisor with the requested medical documentation. ECF No. 47-1 at 4. Ultimately, it appears that Lamb submitted a single page record documenting an emergency room visit on February 6, 2015.[2] AR00724. The record was otherwise devoid of information supporting an extended leave request. AR01792.

The parties agree that on March 6, 2015, Lamb was assigned to a new supervisor, Terrence O'Connell, and on March 9, Lamb left work to begin his treatment. ECF No. 41 ¶¶32, 33. On March 14, 2015, O'Connell emailed Lamb, expressing his concern that Lamb did not have enough sick leave to cover this time away from work. O'Connell also told Lamb to submit medical documentation supporting the requested leave when Lamb returned to work on March 26, 2015. *Id.* ¶35, AR00614. Lamb did not return to work as planned, however, because he was in a car accident shortly before his scheduled return. *Id.* ¶38. Lamb then submitted a Family Medical Leave Act ("FMLA") request for leave taken in March 2015. *Id.* ¶43, AR01815. O'Connell once again requested documentation in support of the requested leave but Lamb never

---

[1] The administrative record of the MSPB case file was filed with the Court in paper format under seal. The Court cites to the administrative record by its pre-marked Bates numbers beginning with the prefix "AR."

[2] Lamb provided some additional documentation much later, when opposing his removal. AR00722.

submitted any medical support to O'Connell. AR00616. Rather, Lamb sent O'Connell via Federal Express a package of purported medical records which instead included only three blank sheets of paper. AR00799-803. No other evidence substantiates Lamb having submitted the requested documentation to O'Connell. O'Connell accordingly coded Lamb's days as Absent Without Leave ("AWOL"). ECF No. 41 ¶46.

Lamb emailed O'Connell on April 22, 2015, asking permission to use annual leave time to cover his absence if his FMLA request was not approved, but O'Connell denied the request noting that Lamb's division could not spare his position for the requested length of time. AR1097. In addition, the operative policy required that any requested sick leave lasting longer than three days be accompanied by documentary medical supporting evidence. AR01139. At the end of April 2015, Lamb did not return to work for health-related reasons. ECF No. 41 ¶50. On or about May 14, 2015, O'Connell filed a Proposed Action for Removal against Lamb based on the coding of Lamb's medical leave from March to May as AWOL for a total of 43 days. *Id.* ¶51. On August 17, 2015, Lamb's employment was terminated. *Id.* ¶52.

## II.     Procedural Background

On August 20, 2015, Lamb appealed his removal from the Agency with the MSPB. ECF No. 23-23. The MSPB held a two-day hearing, at which Lamb argued that his absences were necessitated by various medical conditions which the Agency failed to accommodate. *Id.* at 4. Specifically, Lamb cited his requests for a lateral transfer, ergonomic seating and to move his desk away from the vent. *Id.* at 4, 19. The Agency countered with evidence regarding Lamb's failure to provide proper leave requests and whether Lamb's supervisors had received the requests. *Id.* at 7-17.

The MSPB issued its Initial Decision on February 11, 2016, finding that the Agency had properly considered Lamb as AWOL and Lamb had "failed to prove any of his affirmative defenses . . . by preponderant evidence." ECF No. 23-23 at 34. Lamb appealed this decision to the Equal Employment Opportunity Commission Office of Federal Operations ("EEOC OFO"), which affirmed the MSPB's decision.[3] ECF No. 23-24.

Lamb had earlier filed a separate formal complaint with the EEOC on July 16, 2015. ECF No. 23-16. This complaint alleged disability discrimination as well as retaliation for Lamb's filing of an earlier EEO complaint in 2014.[4] *Id.* Lamb requested a hearing, and the complaint was assigned to an EEOC Administrative Judge who issued a Scheduling and Discovery Order on August 16, 2016. ECF No. 47-2. However, after Lamb failed to appear at a deposition and a status conference, the Administrative Judge dismissed the request for a hearing with prejudice, citing Lamb's "repeated noncompliance." *Id*. The EEOC case was then remanded to the Agency to issue a Final Agency Decision, pursuant to 29 C.F.R. § 1614.110(b). The Agency thereafter issued its Final Agency Decision, finding that the Agency did not discriminate or retaliate against Lamb. ECF No. 47-3. Lamb's appeal on the Final Agency Decision is still pending. *See* ECF No. 47-1 at 11.

On July 27, 2016, Lamb filed this current action in this Court appealing the MSPB's decision only. ECF No. 1. Lamb more particularly alleges that the MSPB erred because the

---

[3] The EEOC OFO also gave Lamb notice that the Commission's decision was final, "and there is no further right of administrative appeal from the Commission's decision," but that Lamb could pursue an appeal of the MSPB decision in the appropriate United States District Court. ECF No. 23-24 at 6; *see also* 29 C.F.R. § 1614.310.

[4] Although the subject matter of these claims appears to overlap, the claims are discrete, for the MSPB may only review "mixed case" discrimination claims when the claims also involve an adverse action appealable to the MSPB, such as removal. 5 U.S.C. § 7512; *Bonds v. Leavitt*, 629 F.3d 369, 378 (4th Cir. 2011). Lamb's EEOC complaint does not challenge his removal and does not appear to be a "mixed case" complaint. The Court treats the EEOC claim as a separate matter and not covered by his MSPB case. *See* 29 C.F.R. § 1614.302(b) ("An aggrieved person may initially file a mixed case complaint with an agency . . . or an appeal on the same matter with the MSPB . . . but not both."). *See also Abraham v. Burwell*, No. 15-1815, 2016 WL 6462072, at *3 (D. Md. Oct. 31, 2016). *See also* AR00085 (Lamb's statement to the MSPB Administrative Judge that he did not move to amend his existing EEO complaint to include his removal action).

Agency discriminated against him on account of his disability, failed to accommodate his disability, and retaliated against him for requesting accommodation, in violation of the Rehabilitation Act, 29 U.S.C. § 791 ("Rehab Act"), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. ECF No. 41 ¶¶53-82. Lamb also alleges that the Agency violated the FMLA by interfering with his request for FMLA leave and terminating him in retaliation for attempting to assert his FMLA rights. *Id.* ¶¶83-96.

The Agency now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) the Second Amended Complaint for lack of subject matter jurisdiction, arguing that the ADA and FMLA do not provide Lamb with a private right of action and that this Court lacks jurisdiction over Lamb's FMLA retaliation and disability accommodation claims because Lamb failed to first exhaust the claims before the MSPB. On the remaining claims, the Agency moves to dismiss or alternatively, for summary judgment in its favor. ECF No. 47.

### III. Standard of Review

Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, *et al.*, Moore's Federal Practice § 12.30[1] (3d ed. 1998)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). At the motion to dismiss stage, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. A court should grant a Rule 12(b)(1) motion "if the material

5

jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647.

Summary judgment is appropriate when the Court, construing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In responding to a proper motion for summary judgment," the opposing party "must present evidence of specific facts from which the finder of fact could reasonably find for him or her." *Venugopal v. Shire Labs.*, 334 F. Supp. 2d 835, 840 (D. Md. 2004), *aff'd sub nom. Venugopal v. Shire Labs., Inc.*, 134 F. App'x 627 (4th Cir. 2005) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986); *Celotex*, 477 U.S. at 322–23)). Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Where a party's statement of a fact is "blatantly contradicted by the record, so that no reasonable jury could believe it," the Court credits the record. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**IV. Analysis**

The Civil Service Review Act ("CSRA") "provides the exclusive remedy for federal employees seeking to challenge adverse employment actions taken against them." *Ward v. U.S. Dep't of Commerce*, No. GJH-15-817, 2016 WL 4099071, at *2 (D. Md. Aug. 2, 2016),

*reconsideration denied*, No. GJH-15-817, 2017 WL 57781 (D. Md. Jan. 4, 2017), *aff'd sub nom. Ward v. United States Dep't of Commerce*, 705 F. App'x 179 (4th Cir. 2017). A qualifying federal employee may contest an agency's removal action before the MSPB, which is authorized to order relief to prevailing employees. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 6 (2012). The MSPB is an independent, quasi-judicial federal administrative agency established to review civil service decisions. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 610 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). When a federal employee alleges that an adverse employment action "was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information," he may file a "mixed-case appeal" with the MPSB. 29 C.F.R. § 1614.302(a)(2).

After the MSPB issues a decision, the federal employee may petition the EEOC for review of the MSPB's decision. 5 U.S.C. § 7702. If the EEOC concurs with the MSPB's decision, it "shall be a judicially reviewable action." *Id.* Typically, appeals from MSPB decisions are heard in the Court of Appeals for the Federal Circuit pursuant to 5 U.S.C. § 7703(b)(1)(A). "'A federal employee who claims that an agency action appealable to the MSPB violates [certain] antidiscrimination statute[s],' however, 'should seek judicial review in district court.'"[5] *Broussard v. Panetta*, No. CCB-11-3401, 2013 WL 45902, at *2 (D. Md. Jan. 2, 2013) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012)). When an appeal from the MSPB involves both discrimination and nondiscrimination claims, "the district court reviews the discrimination claims *de novo* and the nondiscrimination claims under an 'arbitrary and capricious' standard." *Rupert v. Geren*, 605 F. Supp. 2d 705, 713 (D. Md. 2009) (citing 5 U.S.C. § 7703(c)).

---

[5] The enumerated antidiscrimination statutes are Title VII, the Fair Labor Standards Act, the Rehabilitation Act, and the Age Discrimination in Employment Act. 5 U.S.C. § 7702(a)(1)(B).

7

In his opposition to the Agency's motion, Lamb "concede[s] the dismissal of the following claims: judicial review of MSPB mixed case matter, the ADA claim, and the FMLA claim," but argues that "disability discrimination should survive Defendant's motion[.]"[6] ECF No. 63 at 1. Lamb's concession to dismissal of the MSPB matter is puzzling, because this Court only has subject matter jurisdiction over claims brought "in the first instance before the MSPB." *Benton v. Burns*, No. PJM 15-2126, 2017 WL 491251, at *4 (D. Md. Feb. 7, 2017) (citing *Harris v. Evans*, 66 Fed.Appx. 465, 467 (4th Cir. 2003)) (limiting the court's review to those claims brought before the MSPB as part of Plaintiff's appeal of his removal).

Lamb also maintains that he "does not concede any claims under OFO Docket No. 0120180652," which is the EEOC appeal currently pending before the EEOC OFO. By this reservation, Plaintiff apparently intends to proceed on a variation of a claim of disability discrimination.[7] However, the EEOC decision currently on appeal is not before this Court. Nor does Lamb's EEOC appeal concern his termination, which is the subject of the MSPB decision. That said, the Court construes Lamb's concession as reaching the ADA and FMLA claims, but not so clearly reaching the claims brought pursuant to the Rehab Act. The Court, thus, addresses each of the claims in an abundance of caution.

With respect to Lamb's ADA claim, dismissal is granted because the ADA "expressly excludes the United States . . . from its ambit." *Berkner v. Blank*, No. DKC 12-1390, 2013 WL 951562, at *3 n.3 (D. Md. Mar. 11, 2013), *aff'd sub nom. Berkner v. Pritzker*, 561 F. App'x 279 (4th Cir. 2014). Under the ADA, the United States is not an "employer." 42 U.S.C. §12111(5)(B)(i); *Webster v. Henderson*, 32 F. App'x 36, 41 (4th Cir. 2002). The Navy, as an

---

[6] Lamb retained new counsel between the filing of the Second Amended Complaint and the response to the Agency's motion to dismiss, perhaps resulting in a change in strategy. ECF Nos. 51, 54, 56.

[7] The Court expresses no opinion as to the viability of Lamb's appeal from the EEOC decision.

arm of the United States, is likewise not capable of suit under the ADA. *Hilley v. Mabus*, No. 2:08CV457, 2009 WL 8695865, at *2 (E.D. Va. July 31, 2009), *aff'd*, 387 F. App'x 365 (4th Cir. 2010). Rather, Lamb may pursue disability related claims under the Rehab Act which "incorporates the ADA's standards in determining whether an employer discriminated against an employee." *Berkner*, 2013 WL 951562 at *3 (citing 29 U.S.C. § 791(g)).

Similarly, Lamb's FMLA claims must be dismissed because the statute "provides a private right of action for private employees, but not for federal employees." *Ikossi v. England*, 406 F. Supp. 2d 23, 28 (D.D.C. 2005), *aff'd in part, rev'd in part sub nom. Ikossi v. Dep't of Navy*, 516 F.3d 1037 (D.C. Cir. 2008) (citing *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997)). Because the FMLA does not reach Lamb as a federal employee, he likewise cannot bring a claim alleging interference with his rights under the FMLA. *See McNair v. Spencer*, No. 4:17CV38, 2018 WL 2147515, at *5 (E.D. Va. May 3, 2018) (dismissing an FMLA claim against the Department of the Navy because "Title II [of the FMLA] does not contain an express provision for a private right of action to enforce the leave rights there granted.").

With respect to Plaintiff's Rehab Act claims, they are threefold: (1) disability discrimination, (2) denial of reasonable accommodation by refusing to grant short-term leave, and (3) disability retaliation by termination. The Court addresses each in turn.

### A. Failure to Provide Reasonable Accommodation

With regard to the reasonable accommodation claim, the Agency contends that the Court lacks subject matter jurisdiction because Lamb never preserved the claim before the MSPB. A plaintiff may only challenge those claims raised before the MSPB. *Khoury*, 268 F. Supp. 2d at 610–11 ("a complainant who withdraws certain claims in an appeal to the MSPB before a final decision on the merits also fails to exhaust administrative remedies with respect to those

particular claims."). *See also Elgin*, 567 U.S. at 11–12 ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court."); *Hart v. Lew*, 973 F. Supp. 2d 561, 577 (D. Md. 2013) (dismissing a district court claim that had not previously been raised before the MSPB); *Broussard*, 2013 WL 45902 at *4 (same). Although Plaintiff focused at the MSPB hearing largely on denial of reasonable accommodation for failing to provide him an ergonomic chair, *see* ECF No. 23-23 at 19, he also argued that the Agency's refusal to grant him short term leave amounted to a denial of reasonable accommodation. AR00408, -559. Accordingly, Lamb did raise this claim before the MSPB and so the Court reviews the merits of the MSPB decision.

"Employment discrimination claims brought under [the Rehab Act] are evaluated using the same standards as those 'applied under [T]itle I of the Americans with Disabilities Act of 1990.'" *Reyazuddin v. Montgomery Cty., Maryland*, 789 F.3d 407, 413 (4th Cir. 2015) (quoting 29 U.S.C. § 794(a)). To establish that the Agency failed to provide reasonable accommodation, Lamb must show: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [Agency] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; and (4) that the [Agency] refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (quoting *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n. 11 (4th Cir. 2001)). "Implicit in the fourth element is the . . . requirement that the employer and employee engage in an interactive process to identify a reasonable accommodation." *Haneke v. Mid-Atl. Capital Mgmt.*, 131 F. App'x 399, 400 (4th Cir. 2005).

Assuming without deciding that Lamb established the first three prongs, his claim fails on this final element. Viewing the record most favorably to Lamb, he certainly requested other accommodation such as a lateral transfer, but did not seek short-term leave as an accommodation. To be sure, as Lamb points out, he requested FMLA and other leave. But no evidence demonstrates that "under the circumstances, the employer can be fairly said to know of both the disability and desire for an accommodation." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 347 (4th Cir. 2013) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999)). Absent evidence on this element, Lamb's claim premised on denial of leave as a reasonable accommodation cannot go forward. *See also Works v. Colvin*, 93 F. Supp. 3d 405, 416-17 (D. Md. 2015), *aff'd sub nom. Works v. Berryhill*, 686 F. App'x 192 (4th Cir. 2017) (granting summary judgment for employer on Rehab Act reasonable accommodation claim when employer was aware of disability and request for leave, but did not receive notice that the leave was disability-related).

### B. Disability Discrimination

The Agency next contends that summary judgment on Lamb's disability discrimination claim should be granted in its favor because Lamb fails to present a *prima facie* case of discrimination. The Court agrees. "When a plaintiff presents a claim for employment discrimination with no direct evidence of discriminatory conduct, the case is subject to the burden-shifting scheme of *McDonnell Douglas*." *Webster v. Henderson*, 32 F. App'x 36, 40 (4th Cir. 2002) (internal marks omitted, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). *See also Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 57 (4th Cir. 1995) ("courts routinely have applied the *McDonnell Douglas* paradigm to Rehabilitation Act

claims"). Under the *McDonnell Douglas* three-step framework, a plaintiff must first establish a *prima facie* case of discrimination.[8] *Berkner*, 2013 WL 951562, at *3.

"To establish a *prima facie* case under the Rehabilitation Act, Plaintiff must show that [he]: (1) was disabled or perceived as being disabled by h[is] employer; (2) was 'otherwise qualified' to perform the work; and (3) was discriminated against due to h[is] disability." *Id.* (quoting *Davis v. Univ. of N.C.*, 263 F.3d 95, 99 (4th Cir. 2001)). If the plaintiff can establish a *prima facie* case, "the burden then shifts to the employer to provide some legitimate, non-discriminatory reason for the disputed action." *Id.* (citation omitted). If the employer can provide such a reason, the burden shifts back to the employee, who must demonstrate that the proffered reason is pretextual. *Id.* "The plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against [him]." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996).

Assuming without deciding that Lamb was both qualified to perform his job and was disabled, insufficient evidence exists to establish that the Agency discriminated against him because of his disability. Lamb contends singularly that the Agency's denying his requested leave, finding him AWOL, and terminating him, was all motivated by discriminatory animus. Although Lamb had insisted below that he had provided sufficient documentation, the record evidence belies his broad contention. Viewed most favorably to him, he submitted a single page document memorializing one emergency room visit and nothing more. O'Connell moreover gave Lamb several opportunities to submit medical documentation in support of the requested

---

[8] Although Lamb contends that this step of the burden-shifting analysis is no longer applicable under the D.C. Circuit case of *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493–94 (D.C. Cir. 2008), the Fourth Circuit has expressly declined to adopt the holding of *Brady*. *Pepper v. Precision Valve Corp.,* 526 F. App'x 335, 336 n. 13 (4th Cir. 2013).

leave and Lamb steadfastly refused. On this record viewed most favorably to Lamb, no evidence supports that he was declared AWOL and terminated due to unlawful discrimination.

Alternatively, even if Lamb could somehow prove his *prima facie* case, summary judgment is nonetheless warranted because no evidence rebuts the Agency's legitimate non-discriminatory grounds for terminating Lamb. Lamb was indeed AWOL for over 40 days, and had not submitted proper medical documentation in a timely manner. Notably, Lamb does not challenge that termination for a prolonged period of AWOL is improper. Nor does Lamb generate any evidence suggesting that the termination was pretextual. Rather, Lamb resisted at every turn providing timely medical documentation as requested. His termination, based on the record, was for legitimate nondiscriminatory reasons. Summary judgment on this claim is thus appropriate.

### C. Retaliation on Account of Disability

Lamb's last remaining claim, retaliation, likewise fails. To sustain a retaliation claim, the plaintiff must demonstrate that: (1) he engaged in protected activity; (2) the Agency took adverse employment action against him; and (3) the protected activity was causally connected to the adverse action. *Works*, 93 F. Supp. 3d at 417. It is undisputed that termination constitutes adverse employment action. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 656–57 (4th Cir. 1998). Even assuming that Lamb engaged in protected activity in seeking leave as an accommodation, no evidence causally connects such activity and his termination. Rather, the evidence demonstrates that the Agency terminated Lamb because he was AWOL for 43 days. And even if the Agency erred in declaring Lamb AWOL, as Lamb suggests, no evidence exists that any purported error was motivated by discriminatory animus. Because

Lamb has generated no evidence to rebut the legitimate non-discriminatory basis to terminate him, summary judgment is therefore granted in the Agency's favor.

## V.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss Second Amended Complaint or, in the alternative, for summary judgment, is GRANTED. A separate Order follows.


12/7/2018  _____                                                              _____/S/_____
Date                                                                                            Paula Xinis
                                                                                                United States District Judge