IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY GORALSKI LAMB,      *

   Plaintiff,      *

  v.      *      Civil Action No. 8:16-cv-02705-PX

RICHARD V. SPENCER,      *
SECRETARY OF THE NAVY,
     *

   Defendant.
                                           ***

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jerry Goralski Lamb's Motion to Withdraw Counsel and for Relief from a Judgment or Order. ECF No. 77. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Motion to Withdraw Counsel is GRANTED, and the Motion for Relief from a Judgment or Order is DENIED.

**I. Background[1]**

Plaintiff Jerry Lamb was employed by the Navy and Naval Air Systems Command (collectively, "the Agency") as a Contracts Specialist from 2009 until his termination on August 17, 2015. ECF No. 41 ¶¶ 17, 52. Lamb filed suit in this Court, challenging the Merit Systems Protection Board's ("MSPB") affirmance of the Agency's decision to terminate his employment.

Beginning on March 9, 2015, Lamb left work to begin treatment for his back, along with his anxiety and depression. ECF No. 41 ¶ 33. After Lamb failed to provide requested medical documentation to support his extended leave, his supervisor, Terrence O'Connell, coded Lamb's missed days as Absent Without Leave ("AWOL"). *Id.* ¶ 46. At the end of April 2015, Lamb did not return to work due to other health-related reasons. *Id.* ¶ 50. On or about May 14, 2015,

---

[1] The Court has previously summarized the facts related to the merits of the case in its prior Memorandum Opinion. *See* ECF No. 69 at 1–5. This summary includes only those facts pertinent to the current motions.

O'Connell filed a Proposed Action for Removal against Lamb based on his AWOL status from March to May for a total of 43 days. *Id.* ¶ 51. On August 17, 2015, Lamb's employment was terminated. *Id.* ¶ 52.

On August 20, 2015, Lamb appealed his removal from the Agency to the MSPB. ECF No. 23-23 at 1. After conducting a two-day hearing, the MSPB issued its Initial Decision on February 11, 2016, finding that the Agency had properly coded Lamb as AWOL and that Lamb had "failed to prove any of his affirmative defenses . . . by preponderant evidence." *Id.* at 34. On July 27, 2016, Lamb filed this action to appeal the MSPB's decision, alleging the MSPB erred because the Agency had violated the Rehabilitation Act ("Rehab Act"), the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA"). ECF No. 41 ¶¶ 53–82.

On April 9, 2018, Defendant moved to dismiss or, alternatively, for summary judgment in his favor. *See* ECF No. 47. The Court granted Defendant's motion on December 7, 2018, dismissing Lamb's ADA and FMLA claims, and further granting summary judgment in Defendant's favor on the Rehab Act claims. ECF No. 69 at 8–13. On January 7, 2019, Lamb noted his appeal of the Court's decision to the United States Court of Appeals for the Fourth Circuit. *See* ECF No. 72. The appeal is still pending.

Lamb now moves for relief from this Court's December 7 decision under Federal Rule of Civil Procedure 60(b). ECF No. 77 at 1. Lamb also asks that this Court allow his current counsel to withdraw from representation. *Id.* The Court addresses the motions separately.

## II. Motion to Withdraw Counsel

Lamb "seeks leave to withdraw his current counsel of record" and proceed pro se. ECF No. 77 at 1. Lamb's attorneys previously moved to withdraw from representation while the case was on appeal. The Court denied the request because the notice of appeal had deprived this court of jurisdiction. *See* ECF No. 75. However, now that Lamb has filed his reconsideration motion

pursuant to Rule 60(b), this Court may exercise limited jurisdiction to decide the motion so as to "preserve[] judicial resources and eliminate[] unnecessary expense and delay." *Fobian v. Storage Tech. Corp.,* 164 F.3d 887, 890 (4th Cir. 1999) (internal marks and citations omitted). Accordingly, the Rule 60(b) motion has resurrected question of representation before this Court.

Lamb no longer wishes for counsel to represent him and counsel concurs in the sentiment. Counsel's appearance is therefore stricken, and Lamb proceeds pro se.

### III. Motion for Relief from a Judgment or Order

Lamb seeks relief from the Court's final judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and (b)(6). ECF No. 77 at 1. Rule 60(b) allows a district court to relieve a party "from a final judgment, order, or proceeding" based on a list of enumerated grounds, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). To receive Rule 60(b) relief, a "plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party." *Bank v. M/V "Mothership"*, No. ELH-18-3378, 2019 WL 2192488, at *4 (D. Md. May 20, 2019) (citing *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).

Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982); *see also M/V "Mothership",* 2019 WL 2192488, at *4 ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.") (citation omitted). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313.

3

Rule 60(b)(2) allows for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). However, evidence, if indeed newly discovered, warrants reconsideration only when it calls in to question "the validity of the judgment by directly refuting the underpinning of the theory which prevailed." *See Horowitz v. Fed. Ins. Co.,* No. DKC 15-1959, 2017 WL 5624789, at *2 (D. Md. Nov. 22, 2017), *aff'd,* 733 F. App'x 105 (4th Cir. 2018) (quoting 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2859 (3d ed. 2017)). The newly proffered evidence, therefore, must permit a finding in the movant's favor. *Id.*

As "new" evidence, Lamb submits a letter from the U.S. Office of Personnel Management ("OPM"), dated January 22, 2019, approving his disability retirement application. *See* ECF No. 77-1 at 16 ("[W]e have found you to be disabled for your position of Contract Specialist."). Lamb contends that the disability finding memorialized in the letter supports that he was disabled at the time he was improperly coded as AWOL, which led to his wrongful termination. ECF No. 77 at 9.

The Court's original decision, however, assumed in Lamb's favor that he was disabled. *See* ECF No. 69 at 10, 12. Accordingly, even if the Court finds that the 2019 letter establishes Lamb's disability, it is not "new" in the sense that the Court had already decided the claim against Lamb on the assumption that he suffered from a disability at the time of his termination. The letter does not undermine or alter the Court's prior decision. Thus, his Rule 60(b)(2) argument fails.

Lamb alternatively argues that relief is warranted under Rule 60(b)(6). As the catchall clause, subsection (b)(6) permits a court to relieve a party from a final judgment for "any other reason that justifies relief" not otherwise covered by the Rule. Fed. R. Civ. P. 60(b)(6).

However, relief under (b)(6) is accorded only when the movant demonstrates "extraordinary circumstances." *Aikens*, 652 F.3d at 500 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). Relief under this subsection is "exceedingly rare." *Williams v. Holley*, No. DKC-16-623, 2017 WL 550034, at *4 (D. Md. Feb. 10, 2017). It is not used to reconsider "legal issues already addressed in an earlier ruling." *M/V "Mothership,"* 2019 WL 2192488, at *4 (quoting *CNF Constructors, Inc. v. Donohoe Const. Co.,* 57 F.3d 395, 401 (4th Cir. 1995)).

Lamb offers no basis for the Court to grant such relief. Instead, he simply repeats throughout his motion that he "disagrees" with the Court's "legal analysis." *See* ECF No. 77 at 5, 7, 8. Because mere disagreement does not meet the stringent requirements of Rule 60(b)(6), the motion is denied.

**IV. Conclusion**

Based on the foregoing, it is this 8th day of July 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Jerry Lamb's Motion for Leave to Withdraw his Counsel (ECF No. 77) BE, and the same hereby IS, GRANTED;

2. Edgar Fabrice Ndjatou and Matthew R. Hunter shall be STRICKEN from the record as counsel;

3. Plaintiff Jerry Lamb's Motion for Relief from a Judgment or Order (ECF No. 77) BE, and the same hereby IS, DENIED; and

4. The Clerk shall MAIL copies of this Memorandum Opinion and Order to the parties.

__7/8/2019_____          _____/S/_____
Date                                  Paula Xinis
                                      United States District Judge